UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH FAZIO,

    Plaintiff,

v.                                 Case No: 2:19-cv-826-FtM-29NPM

MONSANTO COMPANY, ISLAND GARDEN CENTER OF MARCO ISLAND, INC., and SITEONE LANDSCAPE SUPPLY, LLC,

    Defendants.

## **ORDER AND OPINION**

This matter comes before the Court on plaintiff's Motion to Remand and Request for Emergency Hearing On Same (Doc. #11) filed on November 15, 2019.[1] Defendant Monsanto Company filed a Memorandum of Law in Opposition (Doc. #27) on December 2, 2019. For the reasons stated below, the motion to remand is denied.

**I.**

On March 29, 2019, plaintiff Joseph Fazio initiated a civil action in the Twentieth Judicial Circuit in and for Collier County, Florida. (Doc. #1-1.) The three-count Complaint set forth state-law claims against defendants Island Garden Center of Marco Island, Inc. ("Island Garden Center"), SiteOne Landscape Supply, LLC, Soon

---

[1] The Court previously denied the request for an emergency hearing. (Doc. # 13.)

Come, Inc., and Monsanto Company.[2]  (Id.)  In the Complaint, plaintiff alleged he was diagnosed with a form of Non-Hodgkin's lymphoma as a result of exposure to "Roundup" herbicides produced by Monsanto and sold by Island Garden Center and SiteOne Landscape.  (Id. pp. 10-11.)

Monsanto was served with the Complaint and a Summons on April 2, 2019.  (Doc. #1-4, p. 134.)  On April 22, 2019, Monsanto filed its Answer and Affirmative Defenses in state court.  (Doc. #1-2.)  On July 12, 2019, plaintiff responded to an interrogatory by stating that to the best of his knowledge he purchased Roundup from Island Garden Center from "1990-2000."  (Doc. #14-1, p. 60, ¶6.)  On November 14, 2019, Island Garden Center's incorporator and president made a written declaration stating that the company did not exist until 2010 and was created as a new corporate entity.  (Doc. #1-9, p. 279.)

On November 15, 2019, Monsanto filed a Notice of Removal (Doc. #1) which removed the case to this Court on the basis of diversity jurisdiction.  In the Notice of Removal Monsanto recognized that the complete diversity of citizenship required for federal diversity jurisdiction was not present on the face of the Complaint because one of the named defendants – Island Garden Center - was

---

[2] Soon Come, Inc., was dismissed in April 2019 after plaintiff filed a notice of voluntary dismissal in state court. (Doc. #1-4, p. 134.)

a Florida citizen, as was plaintiff. (Doc. #1, ¶4.) Monsanto asserted, however, that Island Garden Center had been fraudulently joined in the Complaint, and that there was complete diversity of citizenship between the properly joined parties when this fraudulently joined party was disregarded. (Id.) The assertion of fraudulent joinder was premised on plaintiff's July 12, 2019 interrogatory response stating he purchased Roundup from Island Garden Center from 1990 to 2000, and the November 14, 2019 declaration from Island Garden Center's incorporator and president stating that the company did not exist until 2010 and was created as a new corporate entity. Because plaintiff can have no viable claim against a corporation first formed in 2010 for conduct occurring from 1990 to 2000, Monsanto argues that Island Garden Center had been fraudulently joined and that complete diversity of citizenship does exist as to the properly joined parties. (Doc. #1, ¶¶ 16-17.)

On November 15, 2019, plaintiff executed an Affidavit (Doc. #14-1, p. 69) which stated that he had purchased Roundup and other Monsanto products from Island Garden Center "after the year 2012".

**II.**

In his motion to remand, plaintiff argues (1) Monsanto's Notice of Removal is procedurally deficient because (a) Island Garden Center did not give its consent to removal, and (b) the Notice of Removal was untimely filed, and (2) the Court lacks

subject matter jurisdiction over this case because Island Garden Center was properly joined as a defendant, and therefore complete diversity of citizenship is lacking. (Doc. #11, p. 2; Doc. #14, pp. 3-9.) The Court addresses the fraudulent joinder issue first, then the procedural aspects of the dispute.[3]

**A.**

"A defendant may remove a civil action filed in a state court to the federal district court for the district in which the action is pending if the district court would have had jurisdiction over the suit." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1304-05 (11th Cir. 2016) (citing 28 U.S.C. § 1441(a)). District courts have original, diversity-based jurisdiction over a civil action when (1) the amount in controversy "exceeds the sum or value of $75,000" and (2) each plaintiff is a citizen of a different state from each defendant. 28 U.S.C. § 1332(a). "[T]he burden is on the party who sought removal to demonstrate that federal

---

[3] The Court is aware Monsanto has filed a motion to stay the proceedings, including the Court's consideration of plaintiff's motion to remand, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on whether this case should be transferred. (Doc. #15). While the JPML has issued a conditional transfer order on this matter, such an order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Judicial Panel on Multidistrict Litigation Rule 2.1(d). Given the ripeness of this matter and plaintiff's serious health condition, the Court sees no reason to delay ruling on the motion to remand. See Shallcross v. Bausch & Lomb Inc., 2007 WL 141280 (M.D. Fla. Jan. 16, 2007) (ruling on motion to remand despite party's motion to stay pending a decision by the JPML).

jurisdiction exists." Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted). A removed case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A removal case based on diversity jurisdiction must be remanded to state court if the parties are not completely diverse. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

**B.**

The fundamental issue in this case is whether Island Garden Center was properly joined as a defendant. Monsanto asserts that Island Garden Center was fraudulently joined, while plaintiff asserts it was properly joined. Fraudulent joinder occurs when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction. Id. at 1281. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence that "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the

state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003). The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) (citation omitted). The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Federal Rule of Civil Procedure 56(b), in which the district court must resolve all questions of fact in favor of the plaintiff. Id. at 1322-23 (citations omitted); see also Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011) ("To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." (citation omitted)).

At the outset, the Court finds that plaintiff's November 15, 2019 Affidavit should not be considered as part of the fraudulent joinder analysis because the Affidavit is a sham. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.,

736 F.2d 656, 657 (11th Cir. 1984).⁴ Plaintiff's assertion in the Affidavit that he purchased Roundup from Island Garden Center after 2012 contradicts his prior interrogatory answer, which was made under oath, that he purchased Roundup from 1990 to 2000. The contradiction is without any explanation, and the date of the Affidavit suggests it was drafted in response to the motion to remand. While the Eleventh Circuit has cautioned that the sham affidavit rule should be applied "sparingly" because of the harsh effect it may have on a party's case, Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1316 (11th Cir. 2007), the Court finds it appropriate in this circumstance.⁵

---

⁴ Courts within this circuit have applied the sham affidavit rule to fraudulent joinder analyses. See, e.g., Oliva v. NBTY, Inc., 2011 WL 13103994, *4 (S.D. Fla. Sept. 12, 2011); TKI, Inc. v. Nichols Research Corp., 191 F. Supp. 2d 1307, 1314 (M.D. Ala. Mar. 12, 2002).

⁵ The Court finds the Affidavit would be considered a sham under Florida law as well. See DeCosmo v. Fisher, 683 So. 2d 659, 660 (Fla. 5th DCA 1996) ("Our courts have consistently ruled that a party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment."). To the extent plaintiff suggests his interrogatory response should not be taken as conclusive, despite being verified, (Doc. #14, p. 8), the Court disagrees. Plaintiff was asked when he purchased Roundup from Island Garden Center and while plaintiff prefaced his answer with the phrase "[t]o the best of my knowledge," he supplied a date range of "1990-2000." The Court finds the question was unambiguous and plaintiff's clear answer contradicts his new assertion that he purchased Roundup from Island Garden Center at least twelve years later. Plaintiff's "[t]o the best of my knowledge" caveat does not redeem the Affidavit without an explanation.

The Court also rejects plaintiff's argument that "there is an issue of fact as to when Island Garden Center of Marco Island was formed and whether any assets or liabilities were transferred when the new articles of incorporation were formed in 2010." (Doc. #14, p. 8.) There is no evidence to support this assertion, as plaintiff is merely speculating Island Garden Center may have acquired a similarly named business previously located at the same address.[6] For factual issues to be considered "genuine," they must have a real basis in the record, and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted). Furthermore, plaintiff's assertion contradicts the declaration provided by Island Garden Center's president, in which he stated:

> I incorporated Island Garden Center as a new corporate entity. Island Garden Center was not created through a merger, acquisition, or any other kind of agreement with any other company, corporation, or business entity. Island Garden Center is not a successor to any company, corporation, or business entity.

(Doc. #1-9, p. 279.) Accordingly, there is no "issue of fact" as plaintiff suggests. See Legg, 428 F.3d at 1322-23 (recognizing that the district court must resolve all questions of fact in favor

---

[6] The records indicate the following business entities had the same principal address: "Island Garden Center, Inc.," incorporated in 2001; "Island Garden Center, LLC," incorporated in 2006; and defendant "Island Garden Center of Marco Island, Inc.," incorporated in 2010. (Doc. #14-1, pp. 66-68.)

of the plaintiff in resolving a claim of fraudulent joinder, but noting "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor").

Having considered the parties' arguments, the Court finds Monsanto has met its burden of demonstrating fraudulent joinder. The evidence in the record clearly demonstrates Island Garden Center was not incorporated until 2010 and could not be held liable for sales of Roundup that took place before then. Accordingly, the Court finds plaintiff does not have a viable cause of action against Island Garden Center and therefore its citizenship should not be considered. As there is no dispute the remaining requirements of 28 U.S.C. § 1332(a) are met, the Court finds it has subject matter jurisdiction over this matter.

### c.

Plaintiff also argues there was a procedural defect in the Notice of Removal because Island Garden Center failed to consent to the removal, as required by 28 U.S.C. § 1446(b)(2)(A). This requirement, known as the "unanimity rule," must be "strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." Stone v. Bank of N.Y. Mellon, N.A., 609 Fed. App'x 979, 981 (11th Cir. 2015) (citations omitted). Failure to abide by the unanimity rule "requires a remand of the case back to state court." Griffin v. Lowe's Companies, Inc., 2018 WL 2676580, *1 (M.D. Fla. June 5,

2018).  However, because Monsanto has shown fraudulent joinder, there was no need for Island Garden Center to consent to removal. See Bio-Oxford Importacao LTDA. v. Bio-Oxford USA, Inc., 2016 WL 6427827, *2 (S.D. Fla. Jan. 19, 2016) ("[T]he unanimity rule . . . does not apply when the non-diverse defendant is fraudulently joined for the purpose of preventing removal." (citation omitted)).

Plaintiff also asserts that the Notice of Removal was untimely.  To remove an action, the defendant must file a notice of removal within thirty days of the receipt of the initial pleading if the complaint is removable on its face.  28 U.S.C. § 1446(b)(1).  It is undisputed that Monsanto did not file a notice of removal within this thirty-day period (the action was removed on November 15, 2019, and Monsanto was served in April 2019). (Doc. #1-4, p. 134.)  But the case was not removable at the time it was filed because it included a Florida plaintiff and two Florida defendants (Soon Come, Inc. and Island Garden Center). Additionally, nothing on the face of the Complaint suggests any defendant had been fraudulently joined.  Therefore, this thirty-day period did not apply.

Section 1446 provides that if the case stated by an initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Monsanto asserts the removal was timely because it occurred within thirty days of its receipt of an "other paper" under section 1446(b)(3). (Doc. #27, pp. 13-17.) The "other paper" Monsanto refers to is the November 14, 2019 declaration by the president of Island Garden Center. (Id.) Monsanto removed the case to this Court within one day of the date of the declaration. (Doc. #1.) Plaintiff responds that the thirty days began with his July 12, 2019 interrogatory answer. (Doc. #14, p. 5.) The Court finds that neither party's argument is correct.

Monsanto's argument fails because the declaration does not qualify as "other paper" under § 1446(b)(3). The Eleventh Circuit has stated that to remove a case under section 1446(b)(3), "there must be (1) 'an amended pleading, motion, order or other paper,' which (2) *the defendant must have received from the plaintiff* (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (emphasis provided). Because the declaration Monsanto relies upon was not provided by plaintiff, it cannot constitute "other paper" under section 1446(b)(3). See Chicoine v. Wellmark Inc., 2018 WL 1710545, *2 (N.D. Ala. Apr. 9, 2018) ("When a case is removed pursuant to § 1446(b)(3), a defendant must

'unambiguously establish federal jurisdiction' from 'other paper' received 'from the plaintiff' (or the court, if the document is an order)."); Houston v. Mid-West Nat'l Life Ins. Co. of Tenn., 2013 WL 12157563, *2 (M.D. Fla. Feb. 11, 2013) (stating that removals pursuant to section 1446(b)(3) "may only be based on documents received from the plaintiff or the court"); Sallee v. Ford Motor Co., 2014 WL 1492874, *5 (M.D. Ala. Apr. 16, 2014) ("Here, the Bridgestone Defendants received the Fitzgerald Affidavit from the former president of Woodmere, one of the non-diverse defendants. This affidavit was not received from Plaintiffs and, thus, violates Lowery's 'receipt from the plaintiff' rule. Because Defendants did not receive the affidavit from Plaintiffs, it cannot be considered 'other paper,' and, therefore, the Fitzgerald Affidavit does not satisfy the requirements of § 1446(b)(3). Removal based on the affidavit was not proper." (citation omitted)).

But plaintiff's position that the thirty-day period began on July 12, 2019 is also not correct. Although the interrogatory answer was an "other paper" which was received from plaintiff, it did not provide information which allowed Monsanto to "first ascertain" that federal jurisdiction exists within the meaning of Lowery. Plaintiff simply gave a ten-year purchase range in the interrogatory response, which does not suggest or allow the ascertainment of federal jurisdiction. Therefore, this time period has not begun. See King v. United Way of Cent. Carolinas,

Inc., 2009 WL 2426303, *3 (W.D. N.C. Aug. 5, 2009) ("Although it is without question that a defendant may be deemed to have waived his right to remove an action under § 1446 by failing to act within thirty days from service of the complaint, the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove."); Crittenden v. TX Newco, LLC, 2006 WL 8440302, *3 (W.D. Ark. Aug. 17, 2006) ("The 30 day time period in § 1446(b) merely requires defendants exercise due diligence to remove cases within a specific time and does not render class of cases unremovable by virtue of fact that time limit is not yet running."); Robinson v. Quality Ins. Co., 633 F. Supp. 572, 576 (S.D. Ala. 1986) ("The statute authorizing removal does not say anything about removals that occur too soon. It merely requires that defendants exercise due diligence to remove cases within a specific time: thirty days.").

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand and Request for Emergency Hearing On Same (Doc. #11) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of December, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record