```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOSEPH FAZIO,

        Plaintiff,

v.                      Case No: 2:19-cv-826-FtM-29NPM

MONSANTO COMPANY, ISLAND GARDEN CENTER OF MARCO ISLAND, INC., and SITEONE LANDSCAPE SUPPLY, LLC,

        Defendants.

_____

**<u>ORDER AND OPINION</u>**

    This matter comes before the Court on plaintiff's Motion for Reconsideration (Doc. #34) filed on December 16, 2019. Plaintiff seeks reconsideration of this Court's December 10, 2019 Order and Opinion (Doc. #30) denying plaintiff's Motion to Remand. Defendant Monsanto Company filed an Opposition (Doc. #36) on December 30, 2019. Also before the Court is the parties' Joint Motion to Stay All Further Proceedings Except on Plaintiff's Motion for Reconsideration of Remand Order (Doc. #35) filed on December 18, 2019. For the reasons that follow, the motion for reconsideration is denied and the joint motion to stay is granted.

**I.**

    On March 29, 2019, plaintiff Joseph Fazio initiated a civil action in the Twentieth Judicial Circuit in and for Collier County, Florida. (Doc. #1-1.) The three-count Complaint set forth state-

law claims against defendants Island Garden Center of Marco Island, Inc. ("Island Garden Center"), SiteOne Landscape Supply, LLC, Soon Come, Inc., and Monsanto Company.[1] (Id.) In the Complaint, plaintiff alleged he was diagnosed with a form of Non-Hodgkin's lymphoma as a result of exposure to "Roundup" herbicides produced by Monsanto and sold by Island Garden Center and SiteOne Landscape. (Id. pp. 10-11.)

In April 2019, Monsanto was served with the Complaint and filed its Answer and Affirmative Defenses in state court. (Doc. #1-2; Doc. #1-4, p. 134.) On July 12, 2019, plaintiff responded to an interrogatory by stating that to the best of his knowledge, he purchased Roundup from Island Garden Center from "1990-2000." (Doc. #14-1, p. 60, ¶6.) On November 14, 2019, Island Garden Center's incorporator and president made a written declaration stating that the company did not exist until 2010 and was created as a new corporate entity. (Doc. #1-9, p. 279.)

On November 15, 2019, Monsanto filed a Notice of Removal (Doc. #1) which removed the case to this Court on the basis of diversity jurisdiction. In the Notice of Removal Monsanto recognized that the complete diversity of citizenship required for federal diversity jurisdiction was not present on the face of the Complaint

---

[1] Soon Come, Inc., was dismissed in April 2019 after plaintiff filed a notice of voluntary dismissal in state court. (Doc. #1-4, p. 134.)

because one of the named defendants – Island Garden Center - was a Florida citizen, as was plaintiff.  (Id. ¶ 4.)  Monsanto asserted, however, that Island Garden Center had been fraudulently joined in the Complaint, and that there was complete diversity of citizenship between the properly joined parties when this fraudulently joined party was disregarded.  (Id.)  The assertion of fraudulent joinder was premised on plaintiff's July 12, 2019 interrogatory response stating he purchased Roundup from Island Garden Center from 1990 to 2000, and the November 14, 2019 declaration from Island Garden Center's incorporator and president stating that the company did not exist until 2010 and was created as a new corporate entity.  Because plaintiff could have no viable claim against a corporation first formed in 2010 for conduct occurring from 1990 to 2000, Monsanto argued that Island Garden Center had been fraudulently joined and that complete diversity of citizenship did exist as to the properly joined parties.[2]  (Id. ¶¶ 16-17.)

---

[2] Monsanto also informed the Court in the Notice of Removal of its intent to seek the transfer of the case to the multidistrict litigation proceeding in the United States District Court for the Northern District of California, In re: Roundup Prods. Liab. Litig., 214 F. Supp. 3d 1346 (J.P.M.L. 2016), pursuant to 28 U.S.C. § 1407. (Doc. #1, p. 2.)  On the same day it removed the case to this Court, Monsanto filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML"). (Doc. #16-1, p. 13.)  On November 20, 2019, the JPML issued a Conditional Transfer Order on this case.  (Doc. #16-2, pp. 18-19.)

On November 15, 2019, plaintiff filed his motion to remand, arguing (1) Monsanto's Notice of Removal was procedurally deficient and (2) the Court lacked subject matter jurisdiction over this case because Island Garden Center was properly joined as a defendant, and therefore complete diversity of citizenship was lacking. (Doc. #11, p. 2; Doc. #14, pp. 3-9.) On the same date, plaintiff executed an affidavit stating he purchased Roundup and other Monsanto products from Island Garden Center "after the year 2012." (Doc. #14-1, p. 69.) Plaintiff also stated he purchased Roundup and other Monsanto products for professional use from Island Garden Center, which he had "personal knowledge existed in the 1990s." (Id.)

On December 10, 2019, the Court issued its Order and Opinion denying plaintiff's motion to remand. (Doc. #30.) The Court found that Monsanto's Notice of Removal was not procedurally deficient, and that Island Garden Center had been fraudulently joined. (Id. pp. 4-13.) In making the latter determination, the Court found that plaintiff's affidavit was a sham, in that it contradicted his prior interrogatory response without explanation. (Id. pp. 6-7.) Plaintiff now seeks reconsideration of the December 10th Order and Opinion. (Doc. #34.)

On December 18, 2019, the parties filed a joint motion to stay the proceedings except for consideration of plaintiff's

motion for reconsideration.³ (Doc. #35.) The Court will begin its analysis with plaintiff's motion and then proceed to the request for a stay.

**II.**

**A. Legal Standards**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court, Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993), and courts have delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice," Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Additionally, appropriate circumstances for reconsideration include situations in which "the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." United States v. Halifax Hosp. Med. Ctr., 2013 WL 6284765, *1 (M.D. Fla. Dec. 4, 2013).

---

³ Monsanto previously filed a separate motion to stay prior to the Court issuing its December 10th Order and Opinion on the motion to remand. (Doc. #15.) However, Monsanto now withdraws that motion. (Doc. #35, p. 3.)

However, reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" Santamaria v. Carrington Mortg. Servs., LLC, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration," Mannings v. Sch. Bd. of Hillsborough Cty., Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). The motion "must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Santamaria, 2019 WL 3537150, *2 (citation omitted).

**B. Whether the Affidavit is a Sham**

In his motion, plaintiff first requests the Court reconsider deeming his affidavit a sham. (Doc. #34, p. 4.) The Court declines to do so. See Grey Oaks Country Club, Inc. v. Zurich Am. Ins. Co., 2019 WL 4594591, *2 (M.D. Fla. Sept. 23, 2019) ("A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined."). As noted, in a prior interrogatory plaintiff was asked to "[d]escribe in detail when the alleged purchases of Round Up [sic] from Island Garden Center of Marco Island, Inc. occurred." (Doc. #1-8, p. 275.) Plaintiff responded, "To the best of my knowledge I purchased Round Up [sic] from Island Garden Center of March [sic] Island, Inc. from 1990 –

2000." (Id.) However, in his subsequent affidavit, plaintiff changed this answer to state he purchased Roundup and other Monsanto products from Island Garden Center "after the year 2012 for personal use around my home and rental properties."[4] (Doc. #14-1, p. 69.) Despite plaintiff's repeated attempts to describe this as a "clarification" (Doc. #14, p. 8; Doc. #34, p. 4), the Court finds the affidavit contradicts without explanation plaintiff's prior sworn interrogatory answer, and therefore the affidavit constitutes a sham. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). While plaintiff may disagree with the Court's determination, he has not demonstrated entitlement to reconsideration. See Galle v. Nationstar Mortg., LLC, 2018 WL 3390238, *1 (M.D. Fla. Jan. 25, 2018) ("That Nationstar disagrees

---

[4] As the Court did in its prior Order and Opinion, it is worth noting that plaintiff's affidavit is dated the same day as Monsanto removed this matter to this Court. In its Notice of Removal, Monsanto argued Island Garden Center was fraudulently joined because the business was not formed as a new entity until 2010, making it impossible for plaintiff to have purchased Roundup between 1990 and 2000. (Doc. #1.) Plaintiff then filed his affidavit stating he made purchases after 2012.

with the Court's conclusion is not a basis for reconsideration of that conclusion.").

**C. Whether the Entire Affidavit Should Be Rejected**

In his motion to remand, Plaintiff previously argued "there is an issue of fact as to when Island Garden Center of Marco Island was formed and whether any assets or liabilities were transferred when the new articles of incorporation were formed in 2010." (Doc. #14, p. 8.) The Court considered and rejected this argument, finding plaintiff was only speculating Island Garden Center may have acquired a similarly named business previously located at the same address. (Doc. #30, pp. 8-9.) The Court also found that plaintiff's assertion was contradicted by the declaration provided by Island Garden Center's president, in which he stated:

> I incorporated Island Garden Center as a new corporate entity. Island Garden Center was not created through a merger, acquisition, or any other kind of agreement with any other company, corporation, or business entity. Island Garden Center is not a successor to any company, corporation, or business entity.

(Id.); (Doc. #1-9, p. 279.) Therefore, the Court concluded there was no "issue of fact" as plaintiff suggested. (Doc. #30, p. 8); see also Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (recognizing that the district court must resolve all questions of fact in favor of the plaintiff in resolving a claim of fraudulent joinder, but noting "there must be some question of fact before

the district court can resolve that fact in the plaintiff's favor").

In his motion for reconsideration, plaintiff suggests the Court should not have rejected his entire affidavit, and "should allow any paragraphs that do not contradict Plaintiff's prior testimony to be considered." (Doc. #34, p. 4.) Plaintiff is referring to the portion of his affidavit stating he purchased Roundup and other Monsanto products for his business from Island Garden Center, which he had personal knowledge existed in the 1990s. (Id.); (Doc. #14-1, p. 69.) Plaintiff seems to be suggesting that (1) because the affidavit paragraph regarding plaintiff's personal knowledge did not contradict his previous testimony, the Court should have considered it, and (2) plaintiff's personal knowledge that Island Garden Center existed in the 1990s creates an issue of fact as to when Island Garden Center was formed and whether any assets or liabilities were transferred when the entity was created. (Doc. #34, p. 5.)

Plaintiff's argument fails for several reasons. First, despite previously arguing there was an issue of fact as to when Island Garden Center was created, plaintiff did not rely upon the personal knowledge portion of his affidavit to support this argument. (Doc. #14, pp. 8-9); see Dickson v. Amoco Performance Prods., Inc., 845 F. Supp. 1565, 1570 (N.D. Ga. 1994) ("It should be a party's responsibility to direct the Court's attention

separately to each portion of the record which supports each of the party's distinct arguments."). Regardless, even if plaintiff had made such an argument, the Court would have rejected it.

Plaintiff's statement that he has personal knowledge Island Garden Center existed in the 1990s is insufficient to create an issue of fact as to when the company was formed or whether it acquired liabilities when incorporated because plaintiff's assertion is blatantly contradicted by the record. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); Feliciano v. City of Miami Beach, 707 F.3d 1244, 1253 (11th Cir. 2013) ("As a general principal, a plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature."); see also Robinson v. Brassel, 2017 WL 2437265, *10 (S.D. Ala. June 5, 2017) (noting that the "blatantly contradicted by the record" test is "implicated only when some external, unbiased and unimpeachable

source . . . supplies a contradiction so incontestable that no reasonable jury could believe the opposing version").[5]

Here, the record contains (1) a declaration from Island Garden Center's president stating the company was formed in 2010 as a new corporate entity, (2) Island Garden Center's articles of incorporation listing the effective date as August 30, 2010, and (3) Florida Department of State Division of Corporation records indicating that there have been similarly named entities at the same location since at least 2001, but Island Garden Center was not incorporated until August 2010. (Doc. #1-9, pp. 278-82; Doc. #14-1, pp. 66-68). Based on these documents, the Court finds plaintiff's statement that he has personal knowledge Island Garden Center existed in the 1990s is blatantly contradicted by the record and is insufficient to create an issue of fact as plaintiff suggests. See Scott, 550 U.S. at 380 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (citation omitted)); Taylor v. Cochran, 2016 WL 7472144, *6 (S.D. Ala. Dec. 12, 2016) (finding no reasonable jury would believe the plaintiff's allegation that the defendant ignored a sewage leak

---

[5] As stated in the December 10th Order and Opinion, the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment. Legg, 428 F.3d at 1322-23.

because it was blatantly contradicted by jail work orders and county public works department records); Feagin v. McWhorter, 2016 WL 5376310, *6 (M.D. Ala. Aug. 31, 2016) ("Defendants' affidavits contradict Feagin's sworn statements. Normally, such a swearing match would make summary judgment inappropriate. But here, Feagin's version of the events is blatantly contradicted by the contemporaneous medical records kept at the jail.").

**D. Whether the Island Garden Center Declaration is a Sham**

Finally, plaintiff states he informed the Court in his motion to remand that Monsanto removed this matter on November 15, 2019, when a hearing was scheduled on November 18th in the Collier County Circuit Court to set this matter for trial and determine whether plaintiff could add a claim for punitive damages. (Doc. #34, p. 5.) Nonetheless, "[u]pon review of this Court's order denying Plaintiff's motion to remand nowhere does this Court take into consideration the credibility of the declaration and whether said affidavit was drafted solely to support Monsanto's removal." (Id.) Accordingly, plaintiff "requests the Court review the declaration in conjunction with the pending trial setting and deem said declaration a sham as well." (Id. p. 6.) The Court declines to do so. While plaintiff did inform the Court of the timing of the state proceedings relative to the removal in his motion to remand (Doc. #14, pp. 2-3), he never requested the Court reject the Island Garden Center declaration as a sham or challenged the

credibility of Island Garden Center's president. Accordingly, plaintiff has waived this argument. OCR Sols., Inc. v. CharacTell, Inc., 2017 WL 6948587, *1 (M.D. Fla. Oct. 6, 2017) ("[A] motion for reconsideration does not provide parties the opportunity to present for the first time an argument that could have been raised when the matter was initially before the court.").[6]

Having determined plaintiff has failed to demonstrate reconsideration is warranted, the Court will now turn to the joint motion to stay these proceedings.

### III.

A district court has the discretionary authority to stay litigation pending the outcome of a related proceeding in another forum. Jozwiak v. Stryker Corp., 2010 WL 147143, *1 (M.D. Fla. Jan. 11, 2010) (citing CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982)). Except for ruling on plaintiff's motion for reconsideration, the parties request a stay of all further proceedings pending a determination by the JPML on the transfer of this case. (Doc. #35, p. 2.) The parties suggest a stay "would be an appropriate exercise of the Court's

---

[6] To the extent plaintiff suggests the declaration should be discarded because it may have been drafted by Island Garden Center solely to support Monsanto's removal (Doc. #34, p. 5), he cites nothing in the record nor any legal authority to support this claim.

authority to manage its docket and would conserve judicial and litigants' time and resources." (Id. p. 1.) The Court agrees and will grant the joint motion.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. #34) is **DENIED.** Plaintiff's request for a hearing "to further clarify his affidavit" is also **DENIED.**

2. Monsanto Company's Motion to Stay All Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation (Doc. #15) is deemed **WITHDRAWN.**

3. The parties' Joint Motion to Stay All Further Proceedings Except on Plaintiff's Motion for Reconsideration of Remand Order (Doc. #35) is **GRANTED.** The case is stayed pending a determination by the JPML on the transfer issue.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of December, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record